UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DALLAS BROWN, | ) | |
|       Petitioner, | ) | |
| vs. | ) | Cause No. 2:04-CV-239 PS |
| JOHN VANNATTA, | ) | |
|       Respondent. | ) | |

**OPINION AND ORDER**

Petitioner, Dallas Brown, an Indiana prisoner, filed a petition seeking relief under 28 U.S.C. § 2254. The respondent asserts that the petition is untimely. The petitioner has not filed a traverse. Because Brown's petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), the Court will deny the petition.

**BACKGROUND**

The parties' submissions establish that on April 28, 2000, Brown pled guilty to battery and was sentenced to twelve years imprisonment. He did not file a direct appeal. On September 6, 2000, Brown filed a motion for sentence modification, which the trial court denied on May 2, 2001. On January 14, 2002, Brown filed a second motion for sentence modification, which the court denied on February 11, 2002. On April 29, 2002, Brown filed a third motion to modify his sentence, which the court denied on July 17, 2002. On March 12, 2003, Brown filed a fourth motion for modification of sentence, which the court denied on April 23, 2003. Brown did not complete an appeal from the denial of any of his motions to modify sentence. Brown filed his petition to proceed *in forma pauperis* in this case on June 18, 2004, and his petition for writ of habeas corpus was officially filed on May 31, 2005.

**DISCUSSION**

This petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act, which imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d)(1) provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "(t)he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Brown signed his petition for writ of habeas corpus and his petition to proceed *in forma pauperis* on June 3, 2004. He submitted a copy of his petition for writ of habeas corpus as an attachment to his petition to proceed *in forma pauperis*, which was filed with the court on June 18, 2004. Pursuant to the mail-box rule established in *Houston v. Lack*, 487 U.S. 266 (1988), the Court will assume for the purposes of this memorandum that Brown filed his petition for writ of habeas corpus on June 3, 2004, the date he could have first submitted the petition for writ of habeas corpus and the petition to proceed *in forma pauperis* to prison officials for mailing.

The one-year statute of limitations normally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). For purposes of calculating the limitation period, the Court must determine when Brown's direct criminal appeal was, or would have been, concluded. Brown's judgment of conviction became final on May 28, 2000, when the time to seek an appeal in the Indiana Court of Appeals expired. *See Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987).

Accordingly, Brown's statute of limitations expired on May 29, 2001, unless one of the other predicates listed in Section 2244(d)(1) provided a later date for the conviction becoming final, or the statute was tolled by a subsequent state court proceeding. None of Brown's submissions suggest that state action created an impediment to filing a habeas application in violation of the Constitution or laws of the United States, that he is relying on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have timely discovered the factual predicate of his claims through the exercise of due diligence. 28 U.S.C. §2244(d)(1).

Brown filed several petitions to modify his sentence, but never sought post-conviction relief. Motions for modification of sentence do not count as petitions for post-conviction relief under Indiana law. *Robinson v. State*, 805 N.E.2d 783, 788 (Ind. 2004). Accordingly, the motions for sentence modification do not toll the limitations period. *Artiz v. Bennett*, 531 U.S. 4, 5 (2000). Moreover, even if his petitions to modify his sentence did toll the statute of limitations, Brown's petition is still untimely because before he signed his petition for writ of habeas corpus, more than 365 days passed when he did not have a petition for sentence

modification pending.

    For these reasons, the court **DENIES** this petition.

    **SO ORDERED**.

    ENTERED: October 11 , 2006

                                        S/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT